UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

COSME SPINOSA PERAGINE,

Petitioner,

v.

JAMES T. BAUSCH, et al.,

Respondents.

6:26-CV-6934-LJV
DECISION & ORDER

## BACKGROUND

On September 11, 2026, the petitioner, Cosme Spinosa Peragine, filed a petition for writ of habeas corpus claiming that he was being detained unlawfully by U.S. Immigration and Customs Enforcement ("ICE"). Docket Item 1. Spinosa Peragine alleges that he initially entered the United States in January 2019 as part of the Visa Waiver Program ("VWP"), stayed in the United States after his VWP authorization expired, and filed an asylum claim in April 2019. Docket Item 1 at 11. His asylum claim is unresolved to this day. *Id.* at 12.

On August 31, 2026, Spinosa Peragine was detained by ICE, *id.* at 11, and was given a VWP Notice of Intent to Issue a Final Administrative Removal Order—essentially the VWP's precursor to a final order of removal, Docket Item 3-5 at 9. Spinosa Peragine argues that his detention falls under 8 U.S.C. § 1226(a) because he "previously entered the country and ha[s] been residing in the United States prior to being apprehended and placed in removal proceedings" and because he does not have a final order of removal. Docket Item 1 at 12. Under section 1226(a), Spinosa Peragine

argues that he is entitled to a bond hearing before a neutral judge "with the burden of proof on the government and considering alternatives to detention." *Id.* at 16. He also claims he is entitled to be released immediately because he "was not presented with a warrant at the time of his arrest" and his arrest therefore "was unlawful." *Id.* at 13.

This Court issued a text order requiring the government to show cause why Spinosa Peragine was not entitled to a "bond hearing at which the government bears the burden to demonstrate, by clear and convincing evidence, that the petitioner is a danger to the community or a flight risk and at which the immigration judge must consider non-bond alternatives to detention, or if setting a bond, the petitioner's ability to pay." Docket Item 2. The Court also ordered the government to respond to Spinosa Peragine's argument that he is entitled to be released immediately. *Id.*

In response, the government filed a motion to dismiss, arguing that Spinosa Peragine was not entitled to a bond hearing because "an entrant who applies for asylum is not entitled to release on bond during the pendency of the asylum-only hearing." Docket Item 3-1 at 5. The government noted that VWP participants waive "any right . . . 'to contest, other than on the basis of an application for asylum, any action for removal of the alien.'" *Id.* at 4 (quoting 8 U.S.C. § 1187(b)). Based on this language, the government argues that "[a]mong the legal claims [Spinosa Peragine] waived by entering as a VWP entrant was the right to seek release from immigration detention on bond." *Id.* at 6. "Unlike other aliens held under [section] 1226(a)," the government asserts, "VWP entrants are not entitled to a bond redetermination proceeding before an [i]mmigration [j]udge." *Id.* at 7. The petitioner responded to the motion to dismiss, Docket Item 6, and the Court heard oral argument, Docket Item 8. At this Court's

direction, both sides then submitted supplemental briefing. Docket Items 9 and 10. After carefully reviewing the submissions from both sides, the Court finds that Spinosa Peragine is entitled to a bond hearing under section 1226(a) but denies his request for immediate release.

**DISCUSSION**

In *Pomaquiza Loja v. Brophy*, 2026 WL 1543181 (W.D.N.Y. June 2, 2026), this Court addressed many of the issues raised in this petition. More specifically, this Court rejected the government's argument that 8 U.S.C. § 1187(b) can provide an independent basis for detention and found instead that the petitioner was detained under section 1231. *See Pomaquiza Loja*, 2026 WL 1543181 at *4. But unlike Spinosa Peragine, the petitioner in *Pomaquiza Loja* had no outstanding asylum claim. *See generally*, *id.*

Spinosa Peragine cannot be removed until the government resolves his asylum claim, and he therefore is detained under section 1226(a) pending that claim's resolution. *See* 8 U.S.C. § 1187(b)(2); *see also Kanacevic v. I.N.S.*, 448 F.3d 129, 133-134 (2d Cir. 2006) (explaining that "because of the truncated rights available to a Visa Waiver Applicant, the denial of the asylum application is in effect a final order of removal because [the applicant] can be removed without further proceedings"); *Nicusor-Remus v. Sessions*, 902 F.3d 895, 898 (9th Cir. 2018) ("[T]he denial of an asylum application in asylum-only proceedings 'finalizes' DHS's removal order of a VWP entrant because the VWP entrant is entitled to no other forms of relief.") (citation omitted).

The government argues that even if Spinosa Peragine falls under section 1226(a), he should not receive a bond hearing because he "waived all rights to any

relief other than to apply for asylum" under the VWP program. Docket Item 3-1 at 6. But the statute at issue states only that "[a]n alien may not be provided a waiver under the program unless the alien has waived any right . . . to contest, other than on the basis for asylum, any action for *removal* of the alien." 8 U.S.C. § 1187(b) (emphasis added). The Court agrees that Spinosa Peragine has waived any challenge to his *removal* except through asylum proceedings. But that is not what this case is about. Here, Spinosa Peragine is claiming relief from his unlawful *detention*—unlawful because he is not subject to a final order of removal and yet has not received the bond hearing he is owed under section 1226(a). Spinosa Peragine did not waive due process rights regarding his detention under the VWP program; rather, he waived rights regarding his removal. So like any other noncitizen detained under section 1226(a), Spinosa Peragine is entitled to a bond hearing.

But the Court denies Spinosa Peragine's request for immediate release. Spinosa Peragine argues that his detention is unlawful because he was not provided a warrant or notice to appear before his arrest and therefore is entitled to immediate release. Docket Item 1 at 13; Docket Item 6 at 4. This Court rejected similar claims in *Pomaquiza Loja* given the VWP's waiver regarding removal proceedings and finds that the same rationale applies here. *See Pomaquiza Loja*, 2026 WL 1543181, at *4 (finding that "Pomaquiza Loja was not entitled to a Notice to Appear" due to waiver under VWP); *see also* 8 C.F.R. § 217.4(a)(1) (stating that removal of VWP participants "shall be effected without referral of the alien to an immigration judge for a determination of deportability").

## CONCLUSION

Therefore, this Court GRANTS the petition in part and ORDERS the respondents to provide Spinosa Peragine with an individualized bond hearing before an immigration judge **on or before 11/13/2026**. At that hearing, the government shall bear the burden to demonstrate, by clear and convincing evidence, that Spinosa Peragine is a danger to the community or a flight risk. At that bond hearing, the immigration judge must consider non-bond alternatives to detention or, if setting a bond, Spinosa Peragine's ability to pay. If the respondents fail to provide such a hearing by 11/13/2026, they shall immediately release Spinosa Peragine.

On or before **11/16/2026**, the respondents shall file a status report confirming that Spinosa Peragine has either been granted a bond hearing in compliance with this order or released from custody.

Insofar as the petition requests immediate release, it is DENIED.

SO ORDERED.

Dated: November 10, 2026
Buffalo, New York

***/s/ Lawrence J. Vilardo***
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE